*Hartsfield & Conger,* contra.

---

### 13289.   DAVISON & COMPANY *v.* DAVIS.

1. There was some evidence upon which the court was authorized to base the instruction given to the jury upon the subject of impeachment, and the instruction was ample, in the absence of a written request for an additional charge on the subject.

2. There was no evidence to authorize the court to give in charge the statute of frauds in reference to a promise to answer for the debt of another, or the statute of limitations in reference to actions on open accounts.

3. There was no merit in any of the other special grounds of the amended motion, nor of the general grounds.

DECIDED FEBRUARY 8, 1923.

Complaint; from city court of Greensboro — Judge Fisher. January 19, 1922.

C. J. Davison & Company sued Croff Davis for a balance of $225.44 principal, besides interest, alleged to be due upon a note dated February 14, 1913, originally for the sum of $900. The defendant pleaded that the note was given as a " blanket mortgage security note to secure an account, which account has been fully and finally paid and settled," and that he was not indebted upon either the note or the account in any sum whatever. By amendment the defendant pleaded further that " if the note includes the accounts of Dave Tucker and Ella Lawson, or either of them, charged to the defendant, same is barred by the statute of frauds," because no writing was given by the defendant authorizing the same to be charged to him; and also that said accounts were more than four years past due, and therefore barred by the statute of limitations. There was no demurrer to the answer.

The evidence in behalf of the plaintiff was to the effect that the note was given to cover accounts of the defendant in favor of the plaintiff, or its predecessor in business, whose accounts the plaintiff had acquired, and to include some advancements which were to be made to the defendant during the year in which the note was given. The plaintiff's evidence tended to show that there was a balance due upon the note in the sum sued for. The evidence introduced in behalf of the defendant was to the effect that he never did owe as much as this note, but that " it was simply to cover what . . [he] traded along," that it was to cover " the year's run " and that the amount due thereunder had been paid in full. It appears that the plaintiff had an account against Ella Lawson in the sum of $72.13, and an account against Dave Tucker in the sum of $68.29, which became due more than four years before this suit was filed; and the evidence for the plaintiff tended to show that these accounts were included in the note. It is difficult to determine from the record just what the defendant contended in reference to them. It appears at one point that he insisted that he was never liable for either of them. In another place it seems that he contended that one of them — the Ella Lawson account — should not have been run separately, but that the purchases made by her should have been charged upon his own account; also that the accounts had been paid. The jury returned a verdict in favor of the defendant. The plaintiff's motion for a new trial was overruled, and the movant excepted.

*Miles W. Lewis,* for plaintiffs.   *J. G. Faust, J. S. Callaway,* for defendant.

BELL, J.   (After stating the foregoing facts.) .

1.   The court charged the jury as follows:   " The law says a witness can be impeached, first, by disproving the facts testified to by the witness.   The law also says a witness can be impeached in the second place by proof of contradictory statements previously made by the witness relevant to his testimony and to the case. As to whether or not any witness in this case, either for the plaintiff or the defendant, has been successfully impeached is exclusively a question of fact for your determination."   This charge is excepted to on the ground that there was no evidence to authorize a charge upon the impeachment of witnesses because of contradictory statements previously made, and also upon the ground that the court did not go further and instruct the jury that a witness when impeached may be restored to credit by proof of facts consistent with his testimony, or by other facts and circumstances in the case sufficient to satisfy the jury that the witness spoke the truth.   The witness Croff Davis testified:   " And when I paid him, I asked for my papers, and he was busy with his automobile, and said he was going down to the Drake place to see about some cotton; and he said, ' You can get it at any time.'   And he said, ' You do not owe us anything at all now.   Go ahead, I will give it to you any time.'   Yes, sir, I am talking about this note he is now suing me on."   The defendant was here referring to C. J. Davison. · This evidence was contradictory to some of the evidence which was given by Davison while testifying in behalf of plaintiff, and was sufficient evidence upon which to base the charge; and in the absence of a written request it was not error for the court to fail to amplify the same.

2.   The motion for a new trial severally assigns error also upon the following instructions:   " The defendant contends he did not agree to pay the obligations of Ella Lawson and Dave Tucker.   I charge you, in order to make binding the promise of another  to answer for the debt, default or miscarriage of another, the promise to do so must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized."   " I charge you section of the Code 4362:   ' All actions upon open account or for the breach of any contract [not] under the hand of the party

sought to be charged, or upon any implied assumpsit or under-taking, shall be brought within four years after the right of action accrues.' " " In reaching a conclusion as to the Dave Tucker and Ella Lawson accounts — if you reach the conclusion from the evidence in this case that the defendant has not agreed in writing to pay same, then I charge you in that event those obligations are barred by the statute of limitations and are not legal demands on the defendant." We think that each of these charges was error. They could refer only to the accounts of Ella Lawson and Dave Tucker, and if these accounts were paid, neither the statute of frauds nor the statute of limitations had any reference thereto. If these were included by the parties within the note which was sued upon, the statute of frauds was unquestionably complied with and the statute of limitations was not involved. If they were not included in the note, then they were not a part of the sum which was sued for, whether paid or not. The only issue which we are able to discern from the record with reference to these items is, whether they were merged in the note, and, if so, whether they had been paid. There were no issues upon which any of the instructions above quoted could have been properly given. They were unsupported by any evidence, and we are of the opinion that they were prejudicial.

3. Another ground of the motion excepts to the charge of the court by which the question was submitted to the jury as to whether the accounts of Ella Lawson and Dave Tucker had been paid or not, in full or in part, on the ground that there was no dispute of the fact that the accounts had not been paid. Exception is also made upon a charge by which the court submitted it to the jury to determine whether the receipts which were held by the defendant included all, or only a part, of the indebtedness sued for, on the ground that the evidence showed indisputably that the receipts did not refer to or include certain specified items, and also upon the ground that the court did not charge in the same connection that the receipts were subject to explanation by the plaintiff. There were sufficient issues to support these instructions, and the court was not obliged, without a written request so to do, to instruct the jury that receipts are subject to explanation. The only other special ground of the motion is expressly abandoned.

There was some evidence to authorize the verdict, and the judg-

ment overruling the motion for a new trial is reversed solely because of the errors pointed out in the second division of this opinion.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*